IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PHILLIP LEE FANTONE,                )
                                    )
       Plaintiff,              )   Civil Action No. 11-484
                                    )
v.                                  )
                                    )   Magistrate Judge Bissoon
MICHAEL J. HERBIK,                  )
                                    )
       Defendant.              )

# ORDER

Phillip Lee Fantone ("Plaintiff") is a prisoner currently incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette") in La Belle, Pennsylvania. Plaintiff brings the instant civil action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq.*, alleging that Defendant violated his rights under the Eighth Amendment to the Constitution of the United States. Compl. (Doc. 6) at 1. Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on April 27, 2011. (Doc. 5).

Currently before this Court are two motions. The first is Plaintiff's motion for appointment of counsel. (Doc. 9)

The United States Court of Appeals for the Third Circuit set forth the standard to be applied by district courts when responding to a request for counsel pursuant to the provisions of 28 U.S.C. § 1915(e)(1) in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). The court in Tabron acknowledged that district courts have no authority to compel counsel to represent an indigent civil litigant. Id. at 157 n.7. That court also recognized that when "[a]n indigent Plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel." Id. at 156. The Court of Appeals likewise addressed the practical

constraints confronted by district courts regarding the appointment of counsel, which include the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. Id. at 157.

The Court of Appeals also announced a series of factors that a trial court should consider and apply in ruling upon a motion for the appointment of counsel. Id. at 155-56. These factors include: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and; (6) whether the case will require testimony from expert witnesses.

In the instant case, Plaintiff's claims are not complex. A review of the complaint in light of the factors announced in Tabron reveals the following.

(1) Plaintiff's legal issues are not complex. Additionally, as a *pro se* litigant, Plaintiff enjoys the relaxed pleading standard promulgated in Haines v. Kerner, 404 U.S. 519, 520 (1972), and its progeny.

(2) The necessary factual investigation can be adequately pursued by Plaintiff.

(3) Plaintiff appears to have no particular problem pursuing his claims.

(4) Plaintiff's claims do not appear to require extensive or complicated discovery.

(5) Plaintiff's case may turn on credibility determinations.

(6) It is likely that this case will require the testimony of expert witnesses.

Two of the above-mentioned factors weigh in favor of appointing counsel, and four do not. The undersigned concludes that appointment of counsel is not appropriate at this time.

Additionally, this Court notes that Local Civil Rule 10.C indicates that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." In light of the above analysis under Tabron, Plaintiff has not alleged any circumstances that would warrant deviation from that rule. Accordingly, Plaintiff's request for the appointment of counsel (Doc. 9) will be denied.

Next, Plaintiff moves for leave to amend the caption of this case to indicate that he is suing Defendant in his individual capacity only. (Doc. 3). Federal Rule of Civil Procedure 15(a)(1) allows a pleading to be amended as a matter of course within twenty-one days after service. The complaint has not yet been served. Thus, Plaintiff does not require the leave of this Court to file an amended complaint – Plaintiff need only file the amended complaint within the appropriate period of time.

AND NOW, this 29th day of April, 2011,

IT IS HEREBY ORDERED that Plaintiff's motion to appoint counsel (Doc. 9) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to amend his complaint (Doc. 3) is DENIED as MOOT. If Plaintiff wishes to file an amended complaint at this stage in the litigation, he need only file an amended complaint with this Court.

IT IS FURTHER ORDERED that in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1) (A), and Rule 72.C.2 of the Local Rules for Magistrates, objections to this order must be filed by May 13, 2011. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, --- F.3d ----, 2011 WL 635274, *5 n.7 (3d Cir. Feb. 9, 2011).

s/Cathy Bissoon  
CATHY BISSOON  
UNITED STATES MAGISTRATE JUDGE

**cc:**
**PHILLIP LEE FANTONE**
GJ3440
SCI Fayette
P.O. Box 9999
La Belle, PA 15450